IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SAYDA AYALA *o/b/o* E.S.R-M.,[1]　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Petitioner,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　:　　Case No. 4:26-cv-106-CDL-ALS
　　　　　　　　　　　　　　　　　　　　　　:　　　　　28 U.S.C. § 2241
Warden, STEWART DETENTION　　　　　:
CENTER, *et al.*,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Respondents.　　　　　　　　　:

**ORDER**

On January 20, 2026, the Court received a purported application for habeas corpus relief under 28 U.S.C. § 2241 filed by Sayda Ayala as next friend for E.S.R-M., who is currently detained at Stewart Detention Center in Lumpkin, Georgia. (ECF No. 1). That same day, the Court received a motion from Ms. Ayala requesting that the Court accept her next friend status for the filing of the habeas application and to proceed in this action on behalf of E.S.R-M. (ECF No. 2). Ms. Ayala contends that she "has a significant relationship with [E.S.R-M.] and has been authorized to act on his behalf to seek habeas corpus relief." *Id.* Ms. Ayala asserts that, due "to the restrictions of detention, including limited access to legal materials, limited ability to prepare and mail federal court filings, and lack of meaningful assistance, [E.S.R-M.] is unable to personally execute and file the habeas petition at this time." *Id.* Having considered Ms. Ayala's motion, the Court finds that it contains insufficient information to support granting Ms. Ayala next friend status.

A person acting as "next friend" may file a habeas petition on behalf of another who is unable to seek relief himself. *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th

---

[1] The Clerk is **directed** to update the docket to reflect the Court's modification to the style of this case.

Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). One prerequisite to such standing, however, is that the next friend "provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 494 U.S. 149, 163 (1990)). Further, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," and "it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 494 U.S. at 163-64. The burden is on the applicant to be "next friend" to establish the entitlement to that status. *Id.* at 164.

Here, Ms. Ayala has not met this standard. While she contends that E.S.R-M. is unable to file his own application for habeas relief because of his detention, which limits his access to legal materials, restricts his ability to mail filings to the Court, and he has no meaningful assistance, that is the reality – however unfortunate it may be – for virtually all individuals facing immigration detention. This Court, like a great many other courts across the country, receives daily filings from individuals detained by the nation's immigration enforcement programs. Further, Ms. Ayala has not indicated what significance her relationship is with E.S.R-M. Consequently, the Court will afford Ms. Ayala one opportunity to supplement her motion to address the requirements to show next friend status by an unsworn declaration under the penalty of perjury in accordance with the requirements of 28 U.S.C. § 1746. Ms. Ayala may also submit a brief no longer than three (3) pages with her argument for next friend status. Alternatively, Ms. Ayala may have E.S.R-M. complete and sign his petition. The Clerk is directed to forward a blank § 2241 petition to Ms.

2

Ayala for E.S.R-M.'s use. The supplemental briefing and declaration, or the petition signed by

E.S.R-M., shall be due **within twenty-one (21) days** of the date of this Order. Failure to comply

with this Order may result in the Court recommending the dismissal of this matter.

      **SO ORDERED**, this 22nd day of January, 2026.

                                        s/ **ALFREDA L. SHEPPARD**
                                        UNITED STATES MAGISTRATE JUDGE